IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § | **FILED UNDER SEAL**<br><br>Case No. 4:20CR 184<br>Judge Jordan |
| v. | | |
| ERVIN GONGORA CUERO<br>    a.k.a. Negro<br>    a.k.a. Pateguasca | | |

**FILED**

JUL 8 – 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

> Violation: 21 U.S.C. § 963 (Conspiracy to Manufacture and Distribute a Controlled Substance, Intending, Knowing, and Having Reasonable Cause to Believe Such Substance will be Unlawfully Imported into the United States)

Beginning in or about 2015, and continuing thereafter through the date of this Indictment, in the countries of Colombia, Panama, Costa Rica, Guatemala, Honduras, Mexico, and elsewhere, the defendant, **ERVIN GONGORA CUERO**, a.k.a. "Negro," a.k.a. "Pateguasca," did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and having

reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a) and 960.

All in violation of 21 U.S.C. § 963.

## Count Two

<u>Violation</u>: 21 U.S.C. § 959 (Manufacturing and Distributing a Controlled Substance, Intending, Knowing, and Having Reasonable Cause to Believe Such Substance will be Unlawfully Imported into the United States)

Beginning in or about 2015, and continuing thereafter through the date of this Indictment, in the countries of Colombia, Panama, Costa Rica, Guatemala, Honduras, Mexico, and elsewhere, the defendant, **ERVIN GONGORA CUERO**, a.k.a. "Negro," a.k.a. "Pateguasca," did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States.

All in violation of 21 U.S.C. § 959.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 21 U.S.C. §§ 853 and 970, and 28 U.S.C. § 2461(c)

As the result of committing the offenses charged in this Indictment, the Defendant shall forfeit to the United States pursuant to 21 U.S.C. §§ 853(a) and 970, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such

offenses, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offenses.

As authorized by 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the United States intends to seek forfeiture of substitute property belonging to the Defendant if, as a result of the Defendant's act or omission, any property subject to forfeiture (1) cannot be located upon the exercise of due diligence, (2) has been transferred or sold to, or deposited with, a third party, (3) has been placed beyond the jurisdiction of the court, (4) has been substantially diminished in value, or (5) has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL,

_____
GRAND JURY FOREPERSON

STEPHEN J. COX
United States Attorney

By:

_____
STEVAN A. BUYS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> ERVIN GONGORA CUERO <br>    a.k.a. Negro <br>    a.k.a. Pateguasca | §    **FILED UNDER SEAL** <br> § <br> §    Case No. 4:20CR___ <br> §    Judge _____ <br> § <br> § <br> § |

## NOTICE OF PENALTY

### Penalties Applicable to Counts One and Two

Violation:    21 U.S.C. §§ 959 and 963

Penalty:    Imprisonment for not less than 10 years nor more than life, a fine not to exceed $10,000,000, and a term of supervised release of at least 5 years.

If the defendant has a prior conviction for a felony drug offense that has become final, the above penalties increase to imprisonment for not less than 20 years nor more than life, a fine not to exceed $20,000,000, and a term of supervised release of at least 10 years.

If the defendant has two or more prior convictions for a felony drug offense that have become final, the above penalties increase to a mandatory term of life imprisonment without release and a fine not to exceed $20,000,000.

### Other Applicable Penalties
- A mandatory special assessment of $100.00 per count
- Forfeiture of property involved in or traceable to the criminal offense
- Restitution to victims or to the community
- Costs of incarceration and supervision